## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TASHA CHAPMAN,**

       **Plaintiff,**

                               **Case No. 2:24-cv-0029**
                               **Judge Algenon L. Marbley**
   **v.**                       **Magistrate Judge Elizabeth P. Deavers**

**FRANKLIN COUNTY BOARD OF**
**COMMISSIONERS,** *et al.*,

       **Defendants.**

### INITIAL SCREEN REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of Plaintiff's Complaint (ECF No. 6) under 28 U.S.C. §§ 1915(e)(2), and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 6) be **DISMISSED** in its entirety.

### I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>        *     *     *
>
>     (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

　　In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.    ALLEGATIONS IN THE COMPLAINT

Plaintiff, proceeding without the assistance of counsel, brings this action for general and special compensatory damages, nominal damages, punitive damages, and equitable relief pursuant to 42 U.S.C. §§ 1983, 1986, 1985; 18 U.S.C. §§ 241, 242; and Ohio Revised Code § 2921.45(A).  (Compl., ECF No 6.)  Plaintiff makes the conclusory allegation that various Ohio state actors are conspiring to deprive her of her constitutional rights and civil liberties and asserts the following 13 groups of claims.  (*Id.* PageID 265, 266–307.)

**First**, Plaintiff alleges that Judge Kim A. Browne, the Franklin County Domestic and Juvenile Court, and the Supreme Court violated her rights protected by the United States Constitution and the Ohio Constitution.  (Compl. PageID 266–72.)  Plaintiff alleges that Judge Browne and the Franklin County Domestic and Juvenile Court violated her rights in a 2007 custody hearing; an ex parte hearing in 2021; a civil protective order case, 20-DV-1916; two criminal cases, 2020-CRB-15919 and 2020-CRB-16362; and a hearing on September 14, 2022. (*Id.*)  Plaintiff does not plead any factual allegations with regard to the Supreme Court.

**Second**, Plaintiff alleges that Judge Gina Russo, the Franklin County Municipal Court, and Prosecutor America Andrade violated her rights protected by the United States Constitution and the Ohio Constitution throughout the course of Plaintiff's criminal case, Case No. 2023-CRB-982.  (*Id.* PageID 273–76.)

**Third**, Plaintiff alleges that Maryellen O'Shaughnessy, Perry Ossing, and the Franklin County Court of Common Pleas – General Division violated her rights protected by the United States Constitution and the Ohio Constitution.  (*Id.* PageID 277–80.)  Plaintiff also alleges that Maryellen O'Shaughnessy, Perry Ossing, and the Franklin County Court of Common Pleas – General Division violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A).  (*Id.* PageID 281.)

4

Plaintiff claims that Maryellen O'Shaughnessy, Perry Ossing, the Franklin County Court of Common Pleas – General Division, and the Clerk of Court Auto Title Office[1] unlawfully seized her car.  (*Id.* PageID 279–80.)

**Fourth**, Plaintiff alleges that George Gary Tyack, the Franklin County Prosecutor's Office, and Breyanna Doe violated her rights protected by the United States Constitution and the Ohio Constitution.  (*Id.* PageID 281–82.)  Plaintiff also alleges that George Gary Tyack, the Franklin County Prosecutor's Office, and Breyanna Doe violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A).  (*Id.* PageID 282.)  Plaintiff claims that George Gary Tyack deprived her "of the right to bring a claim for damages against O'Shaughnessy and her employee."  (*Id.* PageID 278.)  Plaintiff fails to plead any factual allegations regarding the Franklin County Prosecutor's Office or Breyanna Doe.

**Fifth**, Plaintiff alleges that Judge Young and the Franklin County Court of Common Pleas – General Division violated her rights protected by the United States Constitution and the Ohio Constitution.  (*Id.* PageID 282–85.)  Plaintiff also alleges that Judge Young and the Franklin County Court of Common Pleas – General Division violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A).  (*Id.* PageID 285–86.)  Plaintiff claims that Judge Young violated her rights throughout a state case she brought, Case No. 23-cv-5936.  (*Id.* PageID 282–85.)  Plaintiff fails plead any factual allegations regarding the Franklin County Court of Common Pleas – General Division.

**Sixth**, Plaintiff alleges that Supreme Court Judge Jonathan Hein violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C.

---

[1] Plaintiff appears to use Office of the Clerk of Court, Franklin County Clerk's Office, and the Clerk of Court Auto Title Office interchangeably.

§§ 241 and 242 and R.C. § 2921.45(A).  (*Id.* PageID 287–88.)  Plaintiff claims that Judge Hein violated her rights throughout Case No. 23-cv-5936.  (*Id.* PageID 286–87.)

**Seventh**, Plaintiff alleges that George Gary Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A).  (*Id.* PageID 292–93.)  Plaintiff alleges that she was kidnapped by "Attorney George Gary Tyack, Judge Carl Aveni, Courtney Sackett and all other state actors in 21 CRV1076" because Defendant Tyack purportedly was not "carrying [his] statutorily required surety bonds."  (*Id.* PageID 289–90.)  Plaintiff fails to plead any factual allegations regarding the Franklin County Court of Common Pleas – Criminal Division.  Plaintiff also alleges that Defendant Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division conspired with Judge Browne and the Juvenile Court to deprive Plaintiff of her rights.  (*Id.* PageID 293.)  Plaintiff appears to base this conspiracy allegation on Defendant Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division continuing Case No. 21-CR-V-1076 "to facilitate the flight of Judge Kim A. Browne from my felony complaints I was making to Tyack's office since 2021 against Kim A. Browne."  (*Id.* PageID 290–91.)

**Eighth**, Plaintiff alleges that Judge Carl Aveni and the Franklin County Court of Common Pleas – Criminal Division violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A).  (*Id.* PageID 295–96.)  Plaintiff alleges that Judge Aveni violated her rights throughout Case No. 21-CR-1076 and conspired with the "Prosecution office" to

deprive Plaintiff of her rights.  (*Id.* PageID 293–95.)  Plaintiff fails plead any factual allegations regarding the Franklin County Court of Common Pleas – Criminal Division.

**Ninth**, Plaintiff alleges that Priya Tamilarasan, her retained counsel, violated Plaintiff's rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A).  (*Id.* PageID 300–01.) Plaintiff sues Defendant Tamilarasan in her individual capacity and alleges that she acted as an "agent of the court."  (*Id.* PageID 296.)  Plaintiff alleges that Defendant Tamilarasan failed to represent Plaintiff zealously and competently in Case No. 21-CR-1076.  (*Id.* PageID 296.) Plaintiff further alleges that Defendant Tamilarasan had "a first loyalty to the Court" because "Tamilarasan either began a political career with OR became the Attorney for elected official Judge Kim A. Browne's husband."  (*Id.* PageID 297.)

**Tenth**, Plaintiff alleges that Attorney Thomas Gjostein violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A).  (*Id.* PageID 303–04.)  Plaintiff alleges that Attorney Gjostein retaliated against her for firing him by interfering with her transcript for her appellate case.[2]  (*Id.* PageID 301–03.)  Plaintiff further alleges that Attorney Gjostein conspired with court reporter Joretta Groom to interfere with Plaintiff's transcript.  (*Id.* PageID 302–03.)

**Eleventh**, Plaintiff alleges that Sheriff Dallas Baldwin and the Franklin County Sheriff's Office violated rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C § 2921.45(A).  (*Id.* PageID 304– 05.)  Plaintiff claims that Sheriff Baldwin "canceled his statutorily required Surety Bond Contracts."  (*Id.* PageID 304.)  Plaintiff further alleges that Sheriff Baldwin and the Franklin

---

[2] Plaintiff does not identify this case.

County Sheriff's Office conspired against her rights to "file a police report against state actors of Franklin County." (*Id.* PageID 305.)

**Twelfth**, Plaintiff alleges that the Franklin County Commissioners[3] conspired against "the constitutional protections for redress against state actors" by "do[ing] away with the Surety Bond Contracts." (*Id.* PageID 306.)  Plaintiff names the Franklin County Commissioner Office as a defendant but does not plead any allegations against it.  Plaintiff seeks "Injunctive Relief" and requests the Court to issue an Order ruling "HB 291 and any Resolutions for it against the individual surety bond requirements of elected officials unconstitutional and advising the Commissioners to seek legal advice in their future desires and endeavors for the City of Columbus, County of Franklin." (*Id.* PageID 306–07.)

**Thirteenth**, Plaintiff states that the City of Columbus is vicariously liable for all of the violations she alleges in her Complaint but does not plead any factual allegations. (*Id.* PageID 308.)

Before turning to the substance of Plaintiff's claims, it appears that Plaintiff seeks leave to amend her Complaint to add a claim(s) against persons at the Columbus Metropolitan Housing Authority for violation of the Fair Housing Act, which they allegedly committed by telling Plaintiff to remove her children from her lease. (*Id.* PageID 266, n.2.)  This proposed amendment would violate Fed. R. Civ. P. 20(a)(2).  Further, the Court notes that Plaintiff has already brought a claim based on these facts in Case Nos. 2:24-cv-2051 and 24-cv-1789.  The Court **DENIES** Plaintiff's request for leave to amend her Complaint.

The Court will address Plaintiff's claims in turn.

---

[3] The Court presumes Plaintiff means John O'Grady, Kevin L. Boyce, and Erica C. Crawley.

8

### III.    ANALYSIS

A plaintiff may not join unrelated claims and various defendants unless the claims arise
"out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any
question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.
20(a)(2).  "Plaintiff, however, cannot manufacture proper joinder out of conclusory allegations of
conspiracy and retaliation." *Throneberry v. Butler*, No. 1:21-CV-903, 2022 WL 806927, at *8
(W.D. Mich. Mar. 17, 2022).  "In the case of misjoinder, a court has two options: it may (1) drop
misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris v. Erdos*, No.
1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (citing Fed. R. Civ. P. 21 and
*Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)). The Court, in
its discretion, may select the parties to drop or the claims to sever. *Id.*

Construing Plaintiff's complaint liberally, the Court finds that the seventh, eighth, ninth,
and thirteenth groups of claims arguably arise out of the same transaction or occurrence.  For the
reasons set forth below, however, each of those claims are subject to **DISMISSAL**. Further, the
remainder of the claims in the Complaint—the first, second, third, fourth, fifth, six, tenth,
eleventh, and twelfth groups of claims—involve distinct factual allegations that are drawn
together, at best, by conclusory conspiracy and/or retaliation allegations, arise out of separate
transactions or occurrences, and should be **DISMISSED**.  Fed. R. Civ. P. 20(a)(2), 21; *Harris*,
2022 WL 3053496, at *6.

### A.    Remaining Claims that Defendants Violated 18 U.S.C. §§ 241, 242

It appears that Plaintiff alleges that Defendants Andrade, O'Shaughnessy, Ossing, Tyack,
B. Doe, Tyack's employees, Tamilarasan, Gjostein, and Baldwin violated 18 U.S.C. §§ 241 and
242.  To the extent that Plaintiff's claims under 18 U.S.C. §§ 241 and 242 are distinct from her

42 U.S.C. § 1983 claims, they are barred. 18 U.S.C. §§ 241 and 242 do not provide for relief through a civil suit. "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." *Milam v. Southaven Police Dep't*, No. 15-CV-02029-SHL-DKV, 2015 WL 1637937, at *7 (W.D. Tenn. Apr. 13, 2015), *aff'd* (Aug. 21, 2015). Accordingly, Plaintiff's claims against Defendants Andrade, O'Shaughnessy, Ossing, Tyack, B. Doe, Tyack's employees, Tamilarasan, Gjostein, and Baldwin for violations of 18 U.S.C. §§ 241 and 242 must be **DISMISSED WITH PREJUDICE**.

     **B.**    **Seventh Group of Claims**

     Plaintiff's seventh group of claims against George Gary Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division is subject to dismissal for lack of jurisdiction and failure to state a claim upon which relief may be granted. (Compl. PageID 288–93.)

     Plaintiff's claims against the Franklin County Court of Common Pleas – Criminal Division must be dismissed because "a court is not sui juris." *Malone v. Ct. of Common Pleas of Cuyahoga Cty.*, 45 Ohio St. 2d 245, 248 (1976) (cleaned up). That is, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973). A state court is not a "person" for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Ohio county courts are arms for the state for "purposes of section 1983 liability and Eleventh Amendment immunity analyses." *Id.*

     Plaintiff's claims against the Franklin County Prosecutor's Office must be dismissed because "the county office is not a 'person' within the meaning of § 1983 or a legal entity capable of being sued." *Nalls v. Montgomery Cnty. Prosecutor's Off.*, No. 3:22-CV-243, 2023

WL 369955, at *5 (S.D. Ohio Jan. 24, 2023), *report and recommendation adopted*, No. 3:22-CV-243, 2023 WL 2081575 (S.D. Ohio Feb. 17, 2023).

Plaintiff's claims for kidnapping and conspiracy against Defendant Tyack and "his employees" must be dismissed for failure to state a claim upon which relief may be granted. First, Plaintiff cannot recover civilly for a purported violation of a criminal statute without a private right of action, which does not exist here. *See Milam*, 2015 WL 1637937, at *7. Second, Plaintiff's conclusory statement that Defendant Tyack and his employees conspired with Judge Browne and the Juvenile Court to "facilitate the flight of" Judge Browne is insufficient to state a claim for conspiracy. *See Iqbal*, 556 U.S. at 678 (A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

Plaintiff seeks an Order voiding her criminal conviction and reversing any administrative actions taken against her as a result of her criminal conviction. (Compl. PageID 293.)  This is improper.  The *Rooker-Feldman* doctrine limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  Furthermore, Plaintiff does not identify any administrative actions, failing to satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

Accordingly, Plaintiff's seventh group of claims should be **DISMISSED**.

### C.     Eighth Group of Claims

Plaintiff's claims against Judge Aveni and the Franklin County Court of Common Pleas – Criminal Division should be dismissed for lack of jurisdiction.  (Compl. PageID 293–96.)  First, regardless of how liberally the Court construes Plaintiff's Complaint, Judge Aveni is entitled to judicial immunity.  Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1872)).  Plaintiff does not plausibly allege any exceptions to the judicial immunity doctrine.  Instead, it appears that Plaintiff merely disagrees with Judge Aveni's rulings and procedural actions in relation to Case No. 21-CR-1076.  (Compl. PageID 293–95.)  These rulings and actions are within Judge Aveni's judicial capacity, and therefore, they are within the immunity afforded to judicial officers.

Second, Plaintiff's claims against the Franklin County Court of Common Pleas – Criminal Division should be dismissed because "a court is not sui juris."  *Malone*, 45 Ohio St. 2d at 248.

Accordingly, Plaintiff's eighth group of claims should be **DISMISSED**.

### D. Ninth Group of Claims

Plaintiff's claims against Defendant Tamilarasan in her individual capacity and as "an agent of the court" should be dismissed for failure to state a claim upon which relief may be granted. (Compl. PageID 296–300.) It appears that Plaintiff alleges an ineffective assistance of counsel claim. (*Id.*) However, "[p]rivate attorneys are not considered to be state actors for purposes of § 1983." *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001). Plaintiff also fails to plausibly plead any factual allegations to support her statement that Defendant Tamilarasan acted as "an agent of the court." Accordingly, Plaintiff's ninth group of claims should be **DISMISSED**.

### E. Thirteenth Group of Claims

Plaintiff's claims against the City of Columbus must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges that the City of Columbus is vicariously liable for all of the constitutional violations she alleged in her Complaint. (Compl. PageID 307.) This is improper. Vicarious liability is inapplicable to Section 1983 suits. *Iqbal*, 556 U.S. at 676. Accordingly, Plaintiff's thirteenth group of claims must be **DISMISSED**.

## IV. CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 6) be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within 14 days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date:  October 16, 2024                    */s/ Elizabeth A. Preston Deavers*
                                           **ELIZABETH A. PRESTON DEAVERS**
                                           **UNITED STATES MAGISTRATE JUDGE**