IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TASHA CHAPMAN,** : | |
| : | |
| **Plaintiff,** : | Case No. 2:24-cv-00029 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | Magistrate Judge Elizabeth P. Deavers |
| **FRANKLIN COUNTY** : | |
| **COMMISSIONERS, et. al.,** : | |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

This matter comes before this Court on Plaintiff Tasha Chapman's Motion for Leave to Appeal *in Forma Pauperis* (ECF No. 33); the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 42) that Plaintiff's Complaint (ECF No. 6) be dismissed in its entirety; Plaintiff's Motion for Relief and Extension of Time to Object (ECF No. 44); Plaintiff's Objections to the R&R (ECF No. 45); Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60 (ECF No. 46); Plaintiff's Motion to Recuse (ECF No. 48); Plaintiff's Motion for Partial Default Judgment (ECF No. 50); and Plaintiff's Motion for Judicial Process (ECF No. 51).

For the reasons stated below, Plaintiff's Motion for Leave to Appeal *in Forma Pauperis* (ECF No. 33) is **DENIED**; and Plaintiff's Motion for Relief and Extension of Time to Object (ECF No. 44) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, this Court **OVERRULES** Plaintiff's Objections to the R&R (ECF No. 45); **ADOPTS** the R&R (ECF No. 42) in its entirety; and **DISMISSES** this action. Moreover, because any amendment would be futile, this Court **DENIES** Plaintiff leave to amend.

1

Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60 (ECF No. 46); Plaintiff's Motion to Recuse (ECF No. 48); Motion for Partial Default Judgment (ECF No. 50); and Motion for Judicial Process (ECF No. 51) are **DENIED AS MOOT**.

This Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff, proceeding *pro se*, brings this action for general and special compensatory damages, nominal damages, punitive damages, and equitable relief pursuant to 42 U.S.C. §§ 1983, 1986, 1985; 18 U.S.C. §§ 241, 242; and Ohio Revised Code § 2921.45(A). (ECF No 6). Plaintiff alleges that various Ohio state actors are conspiring to deprive her of her constitutional rights and civil liberties and asserts claims that can be grouped as follows:

> First, Plaintiff alleges that Judge Kim A. Browne, the Franklin County Domestic and Juvenile Court, and the Supreme Court violated her rights protected by the United States Constitution and the Ohio Constitution. (ECF No. 6, 6–13). Plaintiff alleges that Judge Browne and the Franklin County Domestic and Juvenile Court violated her rights in a 2007 custody hearing; an ex parte hearing in 2021; a civil protective order case, 20-DV-1916; two criminal cases, 2020-CRB-15919 and 2020-CRB-16362; and a hearing on September 14, 2022. (*Id*.)
>
> Second, Plaintiff alleges that Judge Gina Russo, the Franklin County Municipal Court, and Prosecutor America Andrade violated her rights protected by the United States Constitution and the Ohio Constitution throughout the course of Plaintiff's criminal case, Case No. 2023- CRB-982. (*Id*. at 14–17).
>
> Third, Plaintiff alleges that Maryellen O'Shaughnessy, Perry Ossing, and the Franklin County Court of Common Pleas – General Division violated her rights protected by the United States Constitution and the Ohio Constitution. (*Id*. at 18–21). Plaintiff also

2

alleges that Maryellen O'Shaughnessy, Perry Ossing, and the Franklin County Court of Common Pleas – General Division violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A). (*Id*. at 22). Plaintiff claims that Maryellen O'Shaughnessy, Perry Ossing, the Franklin County Court of Common Pleas – General Division, and the Clerk of Court Auto Title Office1 unlawfully seized her car. (*Id*. at 20–22).

Fourth, Plaintiff alleges that George Gary Tyack, the Franklin County Prosecutor's Office, and Breyanna Doe violated her rights protected by the United States Constitution and the Ohio Constitution. (*Id*. at 22–23). Plaintiff also alleges that George Gary Tyack, the Franklin County Prosecutor's Office, and Breyanna Doe violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A). (*Id*. at 23). Plaintiff claims that George Gary Tyack deprived her "of the right to bring a claim for damages against O'Shaughnessy and her employee." (*Id*. at 19).

Fifth, Plaintiff alleges that Judge Young and the Franklin County Court of Common Pleas – General Division violated her rights protected by the United States Constitution and the Ohio Constitution. (*Id*. at 23–26). Plaintiff also alleges that Judge Young and the Franklin County Court of Common Pleas – General Division violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A). (*Id*. at 25–26). Plaintiff claims that Judge Young violated her rights throughout a state case she brought, Case No. 23-cv-5936. (*Id*. at 23–26).

Sixth, Plaintiff alleges that Supreme Court Judge Jonathan Hein violated her rights protected by the United States Constitution and the Ohio Constitution, and violated 18 U.S.C. §§ 241 and 242 and R.C. § 2921.45(A). (*Id*. at 28–29). Plaintiff claims that Judge Hein violated her rights throughout Case No. 23-cv-5936. (*Id.* at 27–28).

Seventh, Plaintiff alleges that George Gary Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A). (*Id*. at 33–34). Plaintiff alleges that she was kidnapped by "Attorney George Gary Tyack, Judge Carl Aveni, Courtney Sackett and all other state actors in 21 CRV1076" because Defendant Tyack purportedly was not "carrying [his] statutorily required surety bonds." (*Id*. at 30–31). Plaintiff also alleges that Defendant Tyack, the Franklin County Prosecutor's

Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division conspired with Judge Browne and the Juvenile Court to deprive Plaintiff of her rights. (*Id*. at 34). Plaintiff appears to base this conspiracy allegation on Defendant Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas – Criminal Division continuing Case No. 21-CR-V-1076 "to facilitate the flight of Judge Kim A. Browne from my felony complaints I was making to Tyack's office since 2021 against Kim A. Browne." (*Id*. at 31–32).

Eighth, Plaintiff alleges that Judge Carl Aveni and the Franklin County Court of Common Pleas – Criminal Division violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A). (*Id*. at 36 –37). Plaintiff alleges that Judge Aveni violated her rights throughout Case No. 21-CR-1076 and conspired with the "Prosecution office" to deprive Plaintiff of her rights. (*Id*. at 34–36).

Ninth, Plaintiff alleges that Priya Tamilarasan, her retained counsel, violated Plaintiff's rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A). Plaintiff sues Defendant Tamilarasan in her individual capacity and alleges that she acted as an "agent of the court." (*Id*. at 37). Plaintiff alleges that Defendant Tamilarasan failed to represent Plaintiff zealously and competently in Case No. 21-CR-1076. (*Id*.). Plaintiff further alleges that Defendant Tamilarasan had "a first loyalty to the Court" because "Tamilarasan either began a political career with OR became the Attorney for elected official Judge Kim A. Browne's husband." (*Id*. at 38).

Tenth, Plaintiff alleges that Attorney Thomas Gjostein violated her rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C. § 2921.45(A). (*Id*. at 44–45). Plaintiff alleges that Attorney Gjostein retaliated against her for firing him by interfering with her transcript for her appellate case.2 (Id. at 41–42) Plaintiff further alleges that Attorney Gjostein conspired with court reporter Joretta Groom to interfere with Plaintiff's transcript. (*Id*. at 43–44).

Eleventh, Plaintiff alleges that Sheriff Dallas Baldwin and the Franklin County Sheriff's Office violated rights protected by the United States Constitution and the Ohio Constitution and violated 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1985, and R.C § 2921.45(A).

4

(*Id*. at 45–46). Plaintiff claims that Sheriff Baldwin "canceled his statutorily required Surety Bond Contracts." (*Id*. at 45). Plaintiff further alleges that Sheriff Baldwin and the Franklin County Sheriff's Office conspired against her rights to "file a police report against state actors of Franklin County." (*Id*. at 46).

Twelfth, Plaintiff alleges that the Franklin County Commissioners conspired against "the constitutional protections for redress against state actors" by "do[ing] away with the Surety Bond Contracts." (*Id*. at 47). Plaintiff names the Franklin County Commissioner Office as a defendant but does not plead any allegations against it. Plaintiff seeks "Injunctive Relief" and requests the Court to issue an Order ruling "HB 291 and any Resolutions for it against the individual surety bond requirements of elected officials unconstitutional and advising the Commissioners to seek legal advice in their future desires and endeavors for the City of Columbus, County of Franklin." (*Id*. at 47–48).

Thirteenth, Plaintiff states that the City of Columbus is vicariously liable for all of the violations she alleges in her Complaint. (*Id*. at 48).

(*See* ECF No. 42 at 4–8).

### B. Procedural History

Plaintiff initiated this action on January 4, 2024. (ECF No. 1). On January 19, 2024, this Court granted Plaintiff leave to proceed in forma pauperis and informed Plaintiff that it would conduct an initial screening of the complaint before directing service on the defendants. Plaintiff then filed seven different documents. In February 2024, this Court issued an order striking the documents as premature, explaining that this Court had not completed its screening. (ECF No. 14). The order noted that the Court "will **NOT** consider any additional filings from Plaintiff until the Court has performed its initial screen of Plaintiff's Complaint," and advised Plaintiff that "the Court will **STRIKE** any future filings from the record until the Court performs its initial screen." (*Id*. (emphasis in original)). On March 25, 2024, the Court struck another of Plaintiff's filings, and again directed her to cease filing documents until after the Court has performed its Initial Screen of her Complaint. (ECF No. 19). Plaintiff continued to file documents in June 2024,

5

including an amended complaint and a motion for a restraining order. (ECF Nos. 18, 20–24). On July 17, 2024, the Court issued an order, striking the motion for a restraining order and directing Plaintiff to cease filing documents. (ECF No. 26).

On July 29, 2024, Plaintiff filed a notice of appeal from the July 2024 order. (ECF No. 28). On September 16, 2024, she moved this Court for leave to appeal *in forma pauperis*. (ECF No. 33). Plaintiff also filed several other documents. (ECF Nos. 34–36). On September 25, 2024, the U.S. Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (ECF No. 40). On October 16, 2024, Magistrate Judge Deavers conducted an initial screen of Plaintiff's Complaint and issued a Report and Recommendation that Plaintiff's Complaint be dismissed in its entirety. (ECF No. 42).

On November 19, 2024, Plaintiff filed a motion for relief under Fed. R. Civ. P. 60(b) and for an extension of time to object to the R&R. (ECF No. 44). That same day, she filed objections to the R&R. (ECF No. 45). On February 5, 2025, Plaintiff filed another Rule 60(b) motion requesting relief from the orders striking her filings. (ECF No. 46). On February 28, 2025, Plaintiff moved to recuse Magistrate Judge Elizabeth P. Deavers. (ECF No. 48). On March 14, 2025, Plaintiff filed a Motion for Partial Default Judgment (ECF No. 50) and a Motion for Judicial Process (ECF No. 51).

## II. LAW AND ANALYSIS

### A. Motion for Leave to Appeal *In Forma Pauperis*

Plaintiff requests permission to file an appeal *in forma pauperis*. (ECF No. 33). No orders issued in this case, however, are final appealable orders. (*See* ECF No. 40 (dismissing Plaintiff's appeal for lack of jurisdiction)). Nor are they "immediately appealable under the collateral order doctrine because [they] do[] not conclusively resolve a disputed question and [are] not effectively

6

unreviewable on appeal from a final judgment." (*Id.* at 1 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949) (recognizing a "small class" of orders that, even without terminating the proceedings, are nonetheless subject to appeal if certain requirements are met))). Plaintiff's motion for leave to appeal in forma pauperis (ECF No. 33) is therefore **DENIED**.

### B. Plaintiff's Motion for Relief and Extension of Time to Object

Magistrate Judge Deavers issued her R&R on October 14, 2024, advising that written objections to the R&R were due "within 14 days after being served with a copy." (ECF No. 42 at 14). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff's objections were therefore due on or before October 18, 2024. On November 18, 2024, Plaintiff filed a motion for extension of time (ECF No. 44) and her objections (ECF No. 45). In her motion and supporting affidavit, Plaintiff indicates that she "fled from Ohio to the state of Georgia" in August 2024 after her home "had been raided and emptied." (ECF No. 44-1 ¶ 8). She claims that she was then "affected by Hurricane Helene which began on 9/26/24." (*Id.* ¶ 11). She contends that she was arrested and held in Chatham County, GA on October 1, 2024, and released on October 4, 2024. (*Id.* ¶ 13). When she was released, Plaintiff claims she stayed in a cheap motel for a few days and moved to the Salvation Army on October 7, 2024. (*Id.* ¶¶ 20–21). On October 22, 2024, however, she was "tossed out" out of the Salvation Army. (*Id.* ¶ 22). Plaintiff contends that during this time she had "no mailing address and [was] homeless so could not tend to any of [her] legal obligations." (*Id.* ¶ 23).

The Sixth Circuit has recognized that a district court has a responsibility to construe *pro se* complaints liberally and to take appropriate measures to permit the adjudication of *pro se* claims on the merits. *See Friedmann v. Campbell*, 202 F.3d 268 (6th Cir. 1999). This Court thus accepts Plaintiff's tardy filing and will review her objections (ECF No. 45) on the merits. Plaintiff's

7

Motion (ECF No. 44) is therefore **GRANTED** to the extent it seeks an extension of time to file objections to the R&R. To the extent it seeks other relief, the Motion (ECF No. 44) is **DENIED**.

### C. Plaintiff's Objections to the R&R

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.* When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Pro se* complaints are to be construed liberally, but "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) ("The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." (citations omitted)). Thus, to survive screening, Plaintiff's Complaint (ECF No. 6) must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

Magistrate Judge Deavers recommended dismissal of Plaintiff's Complaint finding that the first, second, third, fourth, fifth, six, tenth, eleventh, and twelfth groups of claims "involve distinct factual allegations that are drawn together, at best, by conclusory conspiracy and/or retaliation allegations, arise out of separate transactions or occurrences." (ECF No. 42 at 9 (citing Fed. R.

Civ. P. 20(a)(2); Fed. R. Civ. P. 21; *Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022)).  The remaining claims, as set forth in the R&R, are subject to dismissal for the following reasons:

- Plaintiff's claims that Defendants Andrade, O'Shaughnessy, Ossing, Tyack, B. Doe, Tyack's employees, Tamilarasan, Gjostein, and Baldwin violated 18 U.S.C. §§ 241 and 242 are barred, because those statutes do not provide for relief through a civil suit;

- Plaintiff's seventh group of claims against George Gary Tyack, the Franklin County Prosecutor's Office, his employees, and the Franklin County Court of Common Pleas is subject to dismissal for lack of jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff's claims against Judge Aveni and the Franklin County Court of Common Pleas – Criminal Division is subject to dismissal for lack of jurisdiction;

- Plaintiff's eighth group of claims against Judge Aveni and the Franklin County Court of Common Pleas – Criminal Division is subject to dismissal for lack of jurisdiction, because Judge Aveni is entitled to judicial immunity;

- Plaintiff's ninth claims against Defendant Tamilarasan in her individual capacity and as "an agent of the court" is subject to dismissal because "[p]rivate attorneys are not considered to be state actors for purposes of § 1983," (ECF No. 42 at 13 (quoting *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001)); and

- Plaintiff's thirteenth group of claims that the City of Columbus is vicariously liable for all of the constitutional violations she alleges is subject to dismissal because vicarious liability is inapplicable to Section 1983 suits.

(ECF No. 42, 9–13).  Plaintiff lodges several objections to the R&R, all of which lack merit.

*1. Objection 1: "Abuse of Authority"*

First, Plaintiff contends that Magistrate Judge Deavers' "unfair dismissals of [her] complaints" in this district, "including in this matter," was an "abuse of authority under 28 USC 1915(e)(2)." (ECF No. 45 at 1–2).  Specifically, she argues that, under 28 U.S.C. § 1915(d) and

9

the order granting her motion to proceed in forma pauperis (ECF No. 5), Defendants are required to be served. (*See* ECF No. 45 at 4 (citing ECF No. 5)).

To the extent Plaintiff suggests that the Magistrate Judge erred by "treating [her] like a prisoner," (*see* ECF No. 44 at 2; ECF No. 46 at 1–2), "[t]he language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners." *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Section 1915(e)(2) provides a district court with the ability to screen non-prisoner *in forma pauperis* cases, and "[t]he screening *must occur even before process is served* or the individual has had an opportunity to amend the complaint." *Id.* (emphasis added).

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Contrary to Plaintiff's assertions, Magistrate Judge Deavers carefully considered Plaintiff's allegations and correctly followed the screening requirements of 28 U.S.C. § 1915(e)(2). Plaintiff's objection challenges orders issued in other cases that are unrelated to the R&R and, to the extent it does address the R&R, it appears to attack the R&R as a whole based on the Magistrate Judge's recommendation that this action be dismissed. District courts routinely reject such objections. *See Shaffer v. Reynhout*, No. 1:16-CV-883, 2018 WL 4574830, at *2 (W.D. Mich. Sept. 25, 2018) ("The mere fact that the Magistrate Judge recommended the dismissal of this action in the . . . Report and Recommendation . . . does not demonstrate that the Magistrate Judge was

10

biased against Plaintiff."), *aff'd sub nom. Shaffer v. Kalamazoo Cnty., MI*, No. 18-2214, 2019 WL 5310688 (6th Cir. June 4, 2019); *Dunbar v. Huyge*, No. 1:18-CV-1355, 2021 WL 2154118, at *4 (W.D. Mich. May 27, 2021) ("Dunbar also takes issue with many prior rulings made by Judge Berens that cannot be challenged through objections to the present R&R."); *Lamon v. Schuler*, No. 13-CV-01129-JPG-PMF, 2015 WL 8150120, at *1 (S.D. Ill. Dec. 8, 2015) ("The objection also contains copies of docket entries and orders unrelated to the R & R at issue. Those portions of objections are outside the issues in the R & R and will not be accepted.")

Plaintiff's contention that "the same Magistrates . . . slander and defame [her] a 'vexatious litigator'" (ECF No. 45 at 3) also fails because it does not identify any specific error in the R&R. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (holding that "the district court need not provide *de novo* review where the objections are frivolous, conclusive or general," and it is the litigant's duty "to pinpoint those portions of the magistrate's report that the district court must specially consider") (internal quotation marks and citations omitted)).

Plaintiff's first objection is therefore **OVERRULED**.

2. Objection 2: "Triable Issues of Fact"

Plaintiff's second objection fares no better. Plaintiff merely restates allegations made in her complaint to imply, in conclusory fashion, that her claims are not subject to dismissal. (*See e.g.*, ECF No. 45 at 5 –6 (arguing that "Plaintiff has too many causes of actions under Title 42 USC 1983 against Defendants for violation of Title 18 USC 241 and 242, for violations of 22 USC Ch. 78 § 7102 Trafficking in Persons ('TVPA') Public Law 108-193 12/19/2003 H.R. 2620 108th Congress and violation, and violation of the RICO Act," and that "[t]hese are triable issues of fact Defendant needs to overcome"). But an "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid

11

objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court, moreover, is not obligated to reassess issues presented before the Magistrate Judge with no identification of error in the R&R. *See Margaret D. v. Comm'r of Soc. Sec.*, No. 1:20-CV-390, 2022 WL 1698941, at *1 (S.D. Ohio May 26, 2022) ("Objections to magistrate judges' reports and recommendations are not meant to be vehicles for rehashing arguments that the magistrate judge has already considered . . . . Such objections fail to identify any specific errors in the report and recommendation . . . . Rather, they effectively duplicate the functions of the district court as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act." (internal quotation marks and citations omitted)), *aff'd sub nom*. *Dadone v. Comm'r of Soc. Sec.*, No. 22-3556, 2023 WL 4161701 (6th Cir. Apr. 10, 2023).

To the extent Plaintiff asserts new facts or causes of action, this Court likewise declines to consider them. *See Harper v. Houston*, 2018 WL 354609, at *5 n.2 (W.D. Tenn. Jan. 10, 2018) ("[T]he Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation," and "[i]t would be improper for the Court to consider the new facts because they are matters outside of the pleadings."). Plaintiff's second objection is therefore **OVERRULED**.

3. *Objection 3: Violation of the Judicial Codes of Conduct and the U.S. Constitution*

Plaintiff's third objection charges Magistrate Judge Deavers with impropriety and bias for "defending the defendants against [Plaintiff's] complaints and breaking all the laws to do it." (ECF No. 45 at 7–8). Again, because this objection attacks rulings that are unrelated to the R&R and only disagrees with the Magistrate Judge's recommendation of dismissal "without explaining the

12

source of the error," it is not a valid objection. *See Howard*., 932 F.2d at 509. Plaintiff's third objection is thus **OVERRULED**.

### D. Plaintiff's Remaining Motions

Having dismissed the entirety of Plaintiff's complaint, this Court denies all other pending motions—Plaintiff's Rule 60 Motion (ECF No. 46); Motion to Recuse (ECF No. 48); Motion for Partial Default Judgment (ECF No. 50); and Motion for Judicial Process (ECF No. 51)—as moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to appeal in forma pauperis (ECF No. 33) is **DENIED**; and Plaintiff's Motion for Relief and Extension of Time to Object (ECF No. 44) is **GRANTED IN PART** to the extent it seeks an extension of time to file objections to the R&R, and **DENIED** to the extent it seeks other relief. Having reviewed the entire record, the applicable law, the Magistrate Judge's R&R, and Plaintiff's objections thereto, this Court finds that the Magistrate Judge applied sound legal principles to Plaintiff's allegations and that Plaintiff's objections are without merit. Accordingly, this Court **OVERRULES** Plaintiff's Objections (ECF No. 45) and **ADOPTS** the R&R (ECF No. 42) in its entirety. Plaintiff's complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. Additionally, for the reasons stated in the R&R, further amendment would not cure the deficiencies in Plaintiff's Complaint and therefore would be futile.

Because this Court dismisses Plaintiff's complaint in its entirety, Plaintiff's Rule 60 Motion (ECF No. 46); Motion to Recuse (ECF No. 48); Motion for Partial Default Judgment (ECF No. 50); and Motion for Judicial Process (ECF No. 51) are **DENIED AS MOOT**.

13

This Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of this Order would not be taken in good faith and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: May 9, 2025**