**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TASHA CHAPMAN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-29** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **FRANKLIN COUNTY BOARD OF COMMISSIONERS, *et. al.*,** | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on *pro se* Plaintiff Tasha Chapman's "Motion to Vacate 5/9/24 Final Order Pursuant to FRCP. Rule Rule [*sic*] 60(b). (ECF No. 59). For the following reasons, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the background and facts of the case, which are detailed at length in the Court's May 9, 2025 Opinion and Order. To summarize, on January 4, 2024, Plaintiff Tasha Chapman sued a slew of various Ohio state actors, alleging that they were conspiring to deprive her of her constitutional rights and civil liberties. The members of this alleged, wide-ranging conspiracy included Judge Kim A. Browne, the Franklin County Domestic and Juvenile Court, the Supreme Court of Ohio, Judge Gina Russo, the Franklin County Municipal Court, Prosecutor America Andrade, Clerk of Courts Maryellen O'Shaughnessy, Deputy Clerk Perry Ossing, the Franklin County Court of Common Pleas, Prosecutor George Tyack, the Franklin County Prosecutor's Office, Breyanna Doe, Judge David C. Young, Judge Jonathan P. Hein, Judge Carl Aveni, Plaintiff's former counsel Priya D. Tamilarasan, Plaintiff's former counsel Thomas A. Gjostein, court reporter Joretta Groom, Sheriff Dallas Baldwin, the Franklin County Sheriff's

Office, the City of Columbus, and last but certainly not lease, the Franklin County Commissioners and individual commissioners Erica C. Crawley, Kevin L. Boyce, and John O'Grady. *See Chapman v. Franklin Cnty. Comm'rs*, 2025 WL 1354848, at *1–3 (S.D. Ohio May 9, 2025) (Marbley, J.) (ECF No. 54); (*see generally* Compl., ECF No. 6). Plaintiff sought leave to proceed *in forma pauperis* as an indigent litigant, representing that she had last been employed in approximately 2022 and had no prior source of income in the year prior to initiating suit. (ECF No. 4 at 2–3).

The statute governing *in forma pauperis* actions provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" either that "the allegation of poverty is untrue" or "the action or appeal[:] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Magistrate Judge conducted an initial screen of Plaintiff's complaint pursuant to this statute and recommended that the Court dismiss all claims. *Chapman v. Franklin Cnty. Bd. of Comm'rs*, 2024 WL 4501032, at *1–2, *4–7 (S.D. Ohio Oct. 16, 2024) (Deavers, M.J.) (ECF No. 42). The Court adopted the Magistrate Judge's Report and Recommendation, dismissing the action and Plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. *Chapman*, 2025 WL 1354848, at *7 (ECF No. 54). The Court also certified that any appeal would not be taken in good faith and should not be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(3). *Id.*

Now, Plaintiff argues that the Court's Judgment, which was entered on May 9, 2025, (*see* ECF No. 55), must be vacated in the interests of justice as void "because it is the product of *extrinsic fraud, prejudice, misconduct, omissions, trickery*." (ECF No. 59 at 1). Her motion is difficult to understand, but she appears to accuse the Court itself of extrinsic fraud:

> Rule 60(b)(3) expressly authorizes relief for 'fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other conduct by an opposing party.' The presiding midfielder have been the opposing parties [*sic*]. Extrinsic fraud is that which 'prevents a real adversarial trial,' e.g., fabricated settlement, sham service, ***or collusion that keeps the victim out of court entirely.*** When such fraud is proved, the judgment is not merely voidable; it is void for want of due process, so Rule 60(b)(4) is also invoked.

(*Id.*) (emphasis in the original). In her self-styled "Statement of Plaintiff Tasha Chapman in Support," which she makes under the penalty of perjury, she asks the Court to vacate its prior judgment because both the United States District Court and the United States Court of Appeals "use . . . TRICKERY against Pro se litigants to Dismiss, *sua sponte*, by Weaponizing the PRISON LITIGATION REFORM ACT Against Non-prisoners Pauperis Litigants." (*Id.* at 3). Plaintiff accuses the Court of joining in the "conspiracy" against her by hiding the ball, because if neither the Magistrate Judge nor the District Judge would inform her "unambiguously and clearly that the Court was proceeding under the [PLRA]," then she would be unable to explain the source of the error in her objections to the Magistrate Judge's Report and Recommendation. (*Id.* at 4).

## II. STANDARD OF REVIEW

Rule 60 of the Federal Rules of Civil Procedure provides procedures for seeking relief from a final judgment. Aside from clerical mistakes, it allows courts to grant relief on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) fraud, misrepresentation, or misconduct by the opposing side; (4) voidness; (5) the judgment's satisfaction, release, or discharge, or its basis being reversed or vacated, or its prospective inequity; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *accord Hutchison v. Biden*, 2026 WL 265628, at *2 (S.D. Ohio Feb. 2, 2026) (Marbley, J.).

Courts evaluate *pro se* motions with several principles in mind. *Pro se* litigants are given more latitude than parties proceeding counseled by lawyers. *See Williams v. Browman*, 981 F.2d

901, 903 (6th Cir. 1992). This does not mean, however, that *pro se* litigants benefit from any "lenient treatment of substantive law." *Johnson v. Stewart*, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010). For instance, *pro se* actions that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" divest the federal court of subject matter jurisdiction and may be dismissed by the court on its own accord. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Similarly, actions brought by plaintiffs proceeding *in forma pauperis* may be dismissed "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (courts may dismiss claims as "factually frivolous" where the facts alleged are "fanciful," "fantastic," or "delusional").

## III. LAW & ANALYSIS

Plaintiff Chapman seeks post-judgment relief under Fed. R. Civ. P. 60(b)(3) and (b)(4). (ECF No. 59 at 1). Her argument is that the Court erred in applying the Prison Litigation Reform Act to her *in forma pauperis* complaint because "by the very name of the Act," the PLRA "make[s] a distinction between ***prisoners and non prisoners***." (*Id.* at 6–7). She points to the definition of the term "prisoner" provided by 28 U.S.C. § 1915(h), and contends that this definition indicates that the PLRA "expressly applies only to 'prisoners,'" and thus non-incarcerated civil litigants are "therefore not subject to the PLRA's mandatory filing-fee schedule, is three-strikes bar, or its exhaustion prerequisite, and may proceed in forma pauperis under the general IFP statute, 28 U.S.C. § 1915(a)." (*Id.* at 10).

Plaintiff's argument falls flat for multiple reasons. First, to the extent her argument is coherent, it is inherently self-contradictory. She argues that the definition of "prisoner" in section 1915(h) indicates that section 1915 applies only to prisoner litigants. But she then goes on to suggest

that civil litigants who are not prisoners could proceed *in forma pauperis* under section 1915(a). The problem for Plaintiff's argument is that both statutory subsections fall under the same *in forma pauperis* statute, 28 U.S.C. § 1915. Section 1915(h) plainly cannot preclude the Court from applying other provisions of the *in forma pauperis* statute to Plaintiff's case if she contends that her *in forma pauperis* status can be granted under section 1915(a).

Moreover, despite Plaintiff's arguments to the contrary, section 1915(h) merely defines a term, providing: "*As used in this section*, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added). Nothing in section 1915(e)—the provision applied by the Magistrate Judge in this case—indicates that the Court's *sua sponte* screening duty applies only to *prisoner* litigants who seek to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1)–(2). As the Supreme Court explained in analyzing an earlier version of section 1915(d), which existed prior to the statute's 1996 modification by the Prison Litigation Reform Act, the *in forma pauperis* statute was "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although the PLRA expanded the *in forma pauperis* statute to provide particular restrictions on prisoner civil litigants, it maintained the Court's screening duty for all litigants who proceed without paying court fees.

Next, Plaintiff's argument fails on its premise as a pure matter of statutory interpretation. The mere fact that section 1915 was modified by the Prison Litigation Reform Act does not mean

that the text of section 1915 only applies to prisoner litigants. As the Supreme Court has oft-instructed, "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute. . . . A title will not, of course, override the plain words of a statute." *Dubin v. United States*, 599 U.S. 110, 120–21 (2023) (citations and internal quotation marks omitted). So too here. Congressional designation of a law as the "Prison Litigation Reform Act" does not mean that every statute amended by that law thereafter only applies to prisoners. Under the "whole act" rule, the Court must "read a section of a statute not in isolation," but rather while looking "to the provisions of the whole law, and to its object and policy." *United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008) (citations and internal quotation marks omitted); *cf. United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("Statutory construction . . . is a holistic endeavor," and "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme."). The plain terms of 28 U.S.C. § 1915(e) do not limit its application to prisoner litigants, and the *in forma pauperis* statute applies both to prisoners and non-prisoners alike, the title of the PLRA notwithstanding. *See, e.g.*, *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners."); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e) to a non-prisoner); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[A]lthough the PLRA was intended to cut down on the volume of prisoner lawsuits, section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.") (citation omitted); *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008) ("Although much of § 1915, by its terms, refers to prisoners, the principle is well-established that regardless of whether a litigant seeking to proceed *in forma pauperis* is a prisoner or not, a court may and should dismiss the action . . . where the action is frivolous."); *Rehberger v.*

*Henry Cnty.*, 2023 WL 4571958, at *1 (11th Cir. July 18, 2023) (per curiam) ("Both prisoners and non-prisoners alike may file for *in forma pauperis* status pursuant to § 1915 and can have their complaints screened for dismissal under § 1915(e).");

Finally and most significantly, the Sixth Circuit has explicitly held that federal courts use section 1915(e)(2) to screen the actions of "litigants who are non-prisoners," even litigants "who pay the full filing fees." *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).[1] That is because "Section 1915(e)(2) states that regardless of whether a filing fee has been paid, the district court *must* dismiss the case if the complaint satisfies the factors of § 1915(e)(2)." *Id.* at 609 (emphasis added). A district court is bound by the decisions of the circuit court of appeals in which it sits, *see Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, 208 F. Supp. 3d 850, 867 n.6 (S.D. Ohio 2016) (Marbley, J.), so this Court is bound to follow the Sixth Circuit's decision in *McGore*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 60(b) Motion (ECF No. 59) is **DENIED**. The Court **CERTIFIES** that an appeal of this Order would not be taken in good faith and should not be permitted to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 25, 2026**

[1] *McGore* was overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).